PER CURIAM.
Jimmy Rudd appeals from a final judgment entered in the District Court[1] for the Eastern District of Arkansas granting summary judgment in favor of defendant prison officials on his complaint brought under 42 U.S.C. § 1983. For the reasons discussed below, we affirm the judgment of the district court.
Rudd is an inmate at the Cummins Unit of the Arkansas Department of Correction. He alleged that Sargent, Liddell (referred to as “Lindale” in the complaint), and Duke subjected him to cruel and unusual punishment and denied him due process in disciplinary proceedings.
On December 24, 1987, Liddell charged Rudd with three major disciplinary violations: 5A — rape, sexual assault, and forced sexual act; 5B — making sexual threats to another; and 5C(i) — making sexual proposals to another. Liddell’s written charge identified the inmate victim who, according to the report, requested protective custody, stating that he had participated in sexual intercourse with Rudd and two other inmates, Lewis and Ford, after the latter two threatened him with a knife. The report further stated that the knife, described by the victim as a kitchen knife, was later discovered in 15 Barracks.
After a hearing, Duke found Rudd guilty of the three violations and assessed punishment of thirty days punitive status, reduction in class from III to IV, and forfeiture of up to three hundred days accumulated good time. According to the “Disciplinary Hearing Action” report, the evidence relied upon consisted of Liddell’s written report, Rudd’s plea of not guilty and his statement at the hearing, and a “005” statement from Officer Starks.[2]
Rudd’s statement was reported as follows: “Inmate denied the report and stated □Officer Starks is supposed to write a statement. Inmate Norwood got out, he was in on it. I did not. I told Officer *262 Starks that Lewis [and] them were messing that white boy around, and threatening him, I am not guilty.[’]”
Without disclosing the contents of Starks’s statement, the hearing report concluded that the statement did not exonerate Rudd because the time mentioned therein conflicted with the time of the charged violations.
On administrative appeal, the determinations of guilt were overturned as to 5B and 5C and upheld as to 5A, with no modification of the punishment “because of the nature and seriousness of the offense.”
Rudd essentially contends that the punishment he received for the Rule 5A violation was cruel and unusual and in violation of his due process rights because he did not commit the offense;[3] the evidence against him was hearsay and insufficient to support any rule violation; the evidence in his defense was not given proper weight; and defendants failed to investigate the charge, including examining the alleged victim to verify that a sexual act had in fact occurred.[4]
Due process requirements are satisfied if some evidence — that is, any evidence in the record — supports the disciplinary decision. Superintendent v. Hill, 472 U.S. 445, 455-56, 105 S.Ct. 2768, 2773-74, 86 L.Ed.2d 356 (1985) (Hill); Freitas v. Auger, 837 F.2d 806, 810 (8th Cir.1988) (although disciplinary committee must determine reliability of confidential informant). “Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.” Hill, 472 U.S. at 455, 105 S.Ct. at 2774.
Here, the statements in Liddell’s written disciplinary report constitute “some evidence” to support the conclusion that Rudd committed the Rule 5A violation. Cf. Brown v. Frey, 807 F.2d 1407, 1414 (8th Cir.1986) (witnessing officer’s violation report is “some evidence”). Although Liddell did not witness the violation and the victim’s statements as recited in Liddell’s report might be considered inadmissible hearsay in a criminal trial, “[pjrison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings [including confrontation and cross-examination of witnesses] does not apply.” Wolff v. McDonnell, 418 U.S. 539, 556, 567-69, 94 S.Ct. 2963, 2974, 2980-81, 41 L.Ed.2d 935 (1974).
Accordingly, the judgment of the district court is affirmed.

. The Honorable H. David Young, United States Magistrate for the Eastern District of Arkansas, to whom the matter was referred for entry of judgment by consent of the parties pursuant to 28 U.S.C. § 636(c).

. Of these items of evidence, only Liddell’s report appears in the record.

. In support of this claim and in response to defendants' motion for summary judgment, Rudd submitted the affidavit of Donald Lewis, one of the other two inmates identified as perpetrators of the offense. The affidavit, executed on July 21, 1988, states that Rudd played no part whatsoever in the alleged rape.

. Rudd also contends that the punishment was excessive because it was not decreased when two of the three violations were reversed. This claim is without merit. Rudd does not allege that the punishment imposed for violation of Rule 5A was greater than that allowed under the rules and regulations.